Nash, J.
 

 This case is substantially the same as that of
 
 Sinclair
 
 vs.
 
 Williams and
 
 Murchison, decided at this term. The facts are the same, with a lew variations. The land in dispute is a different tract; and, at the Mastei-’s sale, Josiah Tyson, one of the defendants, was the purchaser, and sold it to the plaintiff; but has never made any conveyance for it; and the deed of Bryan Burroughs to him was made after he had ceased to be Clerk and Master. In this case, both defendants answer. Tyson admits the facts stated in the bill; is willing to make title ; and submits to such decree as may be made.
 

 
 *233
 
 The answer of Williams admits that Charles Chalmers was his düly appointed guardian, and that he is now of age, and has commenced an action of ejectment to recover the land in question. It denies that any such proceedings as those set forth in the bill ever were had ; that there ever was such decree of the Court of Equity of Moore county, ordering the real estate belonging to him to be sold by the Master ; that any sale was made by him; or that any report of his proceedings was made by him, and confirmed by the Court. It alleges that, if any such proceedings were ever had, they were irregular and of no effect. It further admits, that the deed made by Bryan Burroughs to Josiah TySon, was made by him after he was out of office, and is. therefore “ insufficient and inoperativethat the plaintiff purchased of Josiah Tyson. The destruction of the Court House of Moore county, with the papers belonging to the Court, is admitted.
 

 The answer of the defendant, Williams, brings up mat" iers with which the Court, in these proceedings, have nothing to do. Whether the proceedings set forth in the bill as having been had, were rightfully conducted or not, we cannot enquire into in this collateral manner. If they did take place; if the decree, as alleged, was made by the Court of Equity of Moore county, and is unreversed, its validity cannot be questioned in these proceedings. The main enquiry is, did the Court of Equity make such a decree ? The defendant has, without any qualification, denied the statement made in the bill, as to those proceedings; in whole and in severalty. It is stated in the bill, and admitted in his answer, that the court house of Moore county, after the appointment of Mr Bruce as Clerk and Master, was destroyed by fire, and with it all the records of,the Court. The plaintiff avers that, among the papers of the Court, were the proceedings under the petition of Charles Chalmers. To prove that the records of that suit
 
 *234
 
 did exist, the depositions- of two gentlemen of the bar, and who were concerned in the case, have been laid before the Court. They fully sustain the allegations of the bill upon this subject, so as lo leave no doubt of the fact. They were personally and professionally engaged in transacting the business, and it may be said cannot be mistaken. The decree, then, was duly made — the report of the blaster of a sale duly returned and confirmed. The fact of a sale, under the decree, by the then Clerk and Master, Bryan Burroughs, is denied by the answer. Did it take place ? Burroughs proves thar he did make the sale, and Josiah Tyson became the purchaser of the land, and that he made a full report to the Court, which was confirmed. Dr. Chalmers proves the same. This testimony sustains the allegations of the bill. The plaintiff alleges, that the deed made by Burroughs to Tyson was inoperative, and did not convey the legal title: and this the defendant, Williams, admits: for it was made and executed after Burroughs had gone out of office; and the order of the Court was, that the conveyance should be made by the Clerk-and Master. The plaintiff has a clear equity to the relief he seeks —the equitable title being in him, and the legal title being in the defendant, Williams. The injunction must be made perpetual, and the defendants must be decreed to make a conveyance in fee to the plaintiff, to be judged of by the Clerk and Master of this Court.
 

 The defendant, Williams, must pay the costs.
 

 Per Curiam.
 
 Decree accordingly.